**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

~~#497~~

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **Order Granting the United States' Motion for Reconsideration**

Pending before the Court is the United States' Motion for Reconsideration of this Court's August 10, 2010 Order Granting in Part and Denying in Part Defendants' Motion to Dismiss. A hearing on this motion was held on November 1, 2010. After considering the moving and opposing papers, and arguments presented at the hearing, the Court GRANTS the Motion.

I.    Background

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":** <br> CV 09-6630-PSG (SSx) <br> CV 09-6632-PSG (SSx) <br> CV 09-7501-PSG (SSx) <br> CV 09-7508-PSG (SSx) <br> CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc. <br> Goodrich Corporation v. Chung Ming Wong, et Al. <br> County of San Bernardino, et al. v Tung Chun Company, et al. <br> City of Rialto, et al. v. United States Department of Defense, et al. <br> Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al. <br> United States of America v. Goodrich Corp., et al. | | |

On August 10, 2010, this Court dismissed claims asserted by the United States in litigation dating back to early 2004.  The United States has requested that this Court reconsider that dismissal.

On February 4, 2010, the United States filed a Complaint against, *inter alia*, Goodrich Corporation ("Goodrich"), Pyro Spectaculars, Inc. ("PSI"), Ken Thompson, Inc. ("KTI"), and Rialto Concrete Products ("RCP") (collectively, the "Goodrich Defendants").[1]  The Complaint also names Emhart Industries, Inc. ("Emhart"), Black & Decker, Inc. ("Black & Decker"), Kwikset Locks, Inc. ("Kwikset") (together with Emhart and Black & Decker, "Emhart Defendants"), West Coast Loading Corporation, and Wong Chung Ming as defendants (collectively, "Defendants").  In its Complaint, the United States—for the first time—asserts claims for (1) recovery of response costs under § 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a); (2) declaratory judgment regarding future costs pursuant to § 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2); and (3) injunctive relief pursuant to § 7003 of the Resource Conservation and Recovery Act ("RCRA"), 42 U.S.C. § 6973 (collectively, the "subject claims").  The United States also asserts the subject claims in counterclaims filed against Goodrich, PSI, and Emhart in the Consolidated Cases.

    A.    <u>CERCLA and RCRA</u>

---

[1] The Court refers to these defendants as the Goodrich Defendants for the sake of convenience and not to imply that they are organizationally related to Goodrich.

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":** <br> CV 09-6630-PSG (SSx) <br> CV 09-6632-PSG (SSx) <br> CV 09-7501-PSG (SSx) <br> CV 09-7508-PSG (SSx) <br> CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc. <br> Goodrich Corporation v. Chung Ming Wong, et Al. <br> County of San Bernardino, et al. v Tung Chun Company, et al. <br> City of Rialto, et al. v. United States Department of Defense, et al. <br> Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al. <br> United States of America v. Goodrich Corp., et al. | | |

Congress enacted CERCLA "to protect and preserve public health and the environment by facilitating the expeditious and efficient cleanup of hazardous waste sites." *Hanford Downwinders Coal., Inc. v. Dowdle*, 71 F.3d 1469, 1473-74 (9th Cir. 1995) (internal citations omitted). CERCLA vests the president with the authority to determine the appropriate response to environmental hazards, *see* 42 U.S.C. § 9604, and the president has delegated this authority to the Administrator of the Environmental Protection Agency ("EPA"), *see* Executive Order No. 12,580, 52 Fed. Reg. 2,923 (Jan. 23, 1987), as amended by Executive Order No. 12,777, 56 Fed. Reg. 54,757 (Oct. 18, 1991). Under CERCLA, the federal government may either respond to the hazard itself or order potentially responsible parties ("PRPs") to respond. *See Cooper Indus., Inc. v. Aviall Servs., Inc.*, 543 U.S. 157, 160, 125 S. Ct. 577, 160 L. Ed. 2d 548 (2004).

If the EPA performs cleanup work itself, it may file an action under § 107(a) of CERCLA to recover the United States' response costs. *See* 42 U.S.C. § 9607(a)(4)(A). To finance its response efforts, the EPA draws from the Hazardous Substance Superfund (the "Superfund"), *see* 42 U.S.C. § 9611(a), and the EPA may bring § 107(a) response cost actions to replenish the Superfund after initiating a response, *see* 42 U.S.C. § 9613(g)(2) ("[A]n action may be commenced under section 9607 of this title for recovery of costs at any time after such costs have been incurred.").

Additionally, CERCLA provides for declaratory judgment with regard to the recovery of response costs under § 113(g). *See* 42 U.S.C. § 9613(g)(2) ("In any such action described in this subsection, the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.").

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":** <br> CV 09-6630-PSG (SSx) <br> CV 09-6632-PSG (SSx) <br> CV 09-7501-PSG (SSx) <br> CV 09-7508-PSG (SSx) <br> CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc. <br> Goodrich Corporation v. Chung Ming Wong, et Al. <br> County of San Bernardino, et al. v Tung Chun Company, et al. <br> City of Rialto, et al. v. United States Department of Defense, et al. <br> Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al. <br> United States of America v. Goodrich Corp., et al. | | |

Under RCRA, the EPA may also seek an injunction against a party "upon receipt of evidence that the past or present handling, storage, treatment, transportation or disposal of any solid waste or hazardous waste may present an imminent and substantial endangerment to health or the environment." 42 U.S.C. § 6973(a); *see also La.-Pac. Corp. v. ASARCO Inc.*, 24 F.3d 1565, 1578-79 (9th Cir. 1994).

      B.      The Prior Colton/Rialto CERCLA Cases

With this statutory regime in mind, the Court proceeds to review the procedural history leading to the current Consolidated Cases.

      1.      The Consolidated 2004 Rialto and 2006 Colton Actions

In January 2004, the City of Rialto ("Rialto") filed suit against the United States Department of Defense (the "DoD"), the Defendants, and other parties implicated in the contamination at the 2800-acre Rialto Ammunition Storage Point ("RASP"), which is located in the Rialto-Colton Groundwater Basin. *See City of Rialto et al. v. United States Department of Defense et al.*, CV 04-0079 PSG (SSx) (the "2004 Rialto Action"). In its complaint, Rialto asserted claims for recovery of response costs under § 107(a) of CERCLA, declaratory relief under § 113(g) of CERCLA, and injunctive relief under RCRA. *See Request for Judicial Notice ("RJN")*, Ex. 1 (Rialto's Fifth Amended Complaint filed Nov. 21, 2007).[2]  In its Answer to the

---

[2]  On April 22, 2010, the Goodrich Defendants filed a Request for Judicial Notice in the United States Action. The Goodrich Defendants provide 29 exhibits ranging from court filings to administrative documents. *See* Dkt. #322, *RJN*, Exs. 1-29. The Court takes judicial notice of these exhibits to the extent that they are relied upon in this Order. *See* Fed. R. Evid. 201(b), (d).

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

Fifth Amended Complaint, the DoD asserted counterclaims for *contribution* pursuant to § 113(f) of CERCLA and declaratory relief for *contribution* pursuant to § 113(g) of CERCLA.  *See RJN*, Ex. 2 (the DoD's Answer to the Fifth Amended Complaint filed Nov. 23, 2007).

   On November 22, 2006, the City of Colton ("Colton") filed a similar action that was consolidated with the 2004 Rialto Action.  *See City of Colton v. American Promotional Events, Inc.*, Case No. CV 06-1319 (the "2006 Colton Action").  Colton again sought response costs under § 107(a) of CERCLA against, *inter alia*, Goodrich and PSI.  *See RJN*, Ex. 15 (Colton's Complaint in the 2006 Colton Action filed Nov. 22, 2006).  On December 8, 2006, Goodrich filed a Third-Party Complaint against the United States for recovery of response costs under § 107(a) and § 113 of CERCLA.  *See RJN*, Ex. 18 (Goodrich's Third Party Complaint filed December 8, 2006).  Similarly, on September 12, 2007, PSI filed a Third-Party Complaint against the DoD for recovery of response costs under the same provisions.  *See RJN*, Ex. 16 (PSI's Third Party Complaint filed September 12, 2007).  The United States did not include in its answers any counterclaims against Goodrich or PSI for recovery of response costs.

   On August 7, 2007, the Court issued CMO No. 6 to apply to all cases consolidated with the 2004 Rialto Action.  According to CMO No. 6, all defendants' answers were deemed to include cross-claims for contribution and declaratory relief under § 113(f) of CERCLA against all other defendants.  *See RJN*, Ex. 3, at 110:23-28.  This CMO also deemed that all defendants' answers, except the DoD's, included cross-claims for § 107(a) recovery of response costs.  *See id.* at 110:17-23.  All defendants' answers were also deemed to deny these cross-claims.  *See id.* at 110:28-111:2.  On June 13, 2008, the parties stipulated to a voluntary dismissal to promote

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|----------|------------------------|------|------------------|
|          | **"CONSOLIDATED ACTIONS":** <br> CV 09-6630-PSG (SSx) <br> CV 09-6632-PSG (SSx) <br> CV 09-7501-PSG (SSx) <br> CV 09-7508-PSG (SSx) <br> CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc. <br> Goodrich Corporation v. Chung Ming Wong, et Al. <br> County of San Bernardino, et al. v Tung Chun Company, et al. <br> City of Rialto, et al. v. United States Department of Defense, et al. <br> Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al. <br> United States of America v. Goodrich Corp., et al. | | |

settlement, and the Court issued an Order dismissing the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

    2.    The 2005 Colton Action

On February 28, 2005, one year before the 2006 action, Colton filed suit against several of the same defendants from the 2004 Rialto Action for recovery of response costs—Black & Decker, Emhart, Kwikset, PSI, KTI, and Goodrich. *See City of Colton v. American Promotional Events, Inc.-West et al.*, Case No. 05-1479 JFW (SSx) (the "2005 Colton Action"). On September 28, 2005, PSI filed a Cross-Claim against the United States, among others, for contribution and declaratory relief arising out of the contamination. *See RJN*, Ex. 7.

CMO No. 1 issued in the case deemed "[e]ach defendant, cross-defendant, or third-party defendant . . . now in this case, or appearing in the case in the future" to have filed "a CERCLA sec. 113, state statutory, and common law cross-claim for contribution and declaratory relief, as applicable." *RJN*, Ex. 8, at 181:2-4. These defendants were also deemed to have denied these cross-claims in their respective answers. *See id.* at 181:7-10. CMO No. 1 did not "affect[] the right of any party to file additional claims or defenses pursuant to the Federal Rules of Civil Procedure." *See id.* at 181:23-182:1.

The United States filed an Answer to PSI's cross-claim, but did not include any counter-claims or cross-claims. Subsequently, the Court issued CMO No. 2 pursuant to the parties' stipulation, which deemed all defendants—except cross-defendants (such as the United States)—to have asserted cross-claims for response costs under § 107(a), contribution, and declaratory relief against each other defendant. *See RJN*, Ex. 11, at 231:1-7.

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

On October 31, 2006, District Judge John F. Walter entered summary judgment against Colton on the grounds that Colton had not incurred any response costs at the time of suit.  *See RJN*, Ex. 12, at 258 (Order Granting Defendants' Motion for Summary Judgment, or in the Alternative, for Partial Summary Judgment).  In the order, the court also held that:

> In light of the Court's granting summary judgment on all of Plaintiff's CERCLA claims, the Counterclaims and/or Cross-claims filed by Defendants seeking contribution and declaratory relief pursuant to CERCLA and/or the Declaratory Judgment Act are dismissed.  The Court declines to exercise jurisdiction over the state law claims alleged in the Counterclaims and Cross-claims and dismisses those claims without prejudice.

*See id.* at 260.  On August 2, 2010, the Ninth Circuit Court of Appeals affirmed Judge Walter's grant of summary judgment but vacated and remanded Judge Walter's dismissal of Goodrich and PSI's counterclaims and cross-claims.  *See City of Colton v. Am. Promotional Events, Inc.-West ("Summary Judgment Appeal")*, 614 F.3d 998 (9th Cir. 2010); *City of Colton v. Am. Promotional Events, Inc.-West ("Counterclaim Appeal")*, 2010 WL 3006434, at *1 (9th Cir. Aug. 2, 2010).  In vacating and remanding, the Ninth Circuit held that the counterclaims and cross-claims were actually plead as claims under CERCLA Section 107(a) for recovery of costs, and could continue despite the dismissal of Colton's claims.  *See Counterclaim Appeal,* 2010 WL 3006434, at *1.  As a result, the 2005 Colton Action was reopened and is still pending for the limited purpose of resolving Goodrich and PSI's counterclaims and cross-claims.  Importantly, the United States was not a party to the appeal.

### 3.     The Current Consolidated Actions

---

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### **CIVIL MINUTES - GENERAL**

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

After the parties failed to reach a settlement in the consolidated 2004 and 2006 actions, they began to file the Consolidated Actions presently before the Court. On February 4, 2010, the United States filed its Complaint, asserting the subject claims for the first time in approximately six years of litigation. *See Compl.* ¶ 1. Similarly, in the 2009 Goodrich Action and the 2009 Colton Action, the United States filed Counterclaims against, *inter alia*, Goodrich, PSI, and Emhart, which incorporate by reference the United States' Complaint. *See, e.g.*, *Answer to PSI's Third-Party Compl. and Counterclaims* 9:26-28 (Dkt. #222).

On April 19, 2010, the Goodrich Defendants filed a motion to dismiss the United States' Complaint. Similarly, on April 22, 2010, Goodrich and PSI also filed a motion to dismiss the United States' Counterclaims in the Consolidated Actions (collectively, the "Rule 13 Motions"). On August 10, 2010, this Court issued an Order (the "Order" or the "August 10, 2010 Order") and held that Rule 13(a)'s compulsory counterclaim provision barred the United States from brining its current claims because it should have done so in the earlier iterations of this litigation. *See* Dkt. #482 ("*Order*"), at 13.

On September 9, 2010, the United States filed the pending Motion Reconsideration of the Court's August 10, 2010 Order. For the reasons that follow, the Court reconsiders the Order and modifies it accordingly.

II.      Legal Standard

Federal Rule of Civil Procedure 54(b) provides that "any order or other decision" that does not end an action "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b); *Balla v. Idaho State Bd. of Corrections*, 869 F.2d 461, 465 (9th Cir. 1989) ("Courts have inherent power to

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":** <br> CV 09-6630-PSG (SSx) <br> CV 09-6632-PSG (SSx) <br> CV 09-7501-PSG (SSx) <br> CV 09-7508-PSG (SSx) <br> CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc. <br> Goodrich Corporation v. Chung Ming Wong, et Al. <br> County of San Bernardino, et al. v Tung Chun Company, et al. <br> City of Rialto, et al. v. United States Department of Defense, et al. <br> Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al. <br> United States of America v. Goodrich Corp., et al. | | |

modify their interlocutory orders before entering a final judgment.  In addition, the Federal Rules of Civil Procedure explicitly grant courts the authority to modify their interlocutory orders." (internal and external citations omitted)).  Under Local Rule 7-18, a court may reconsider its ruling on a motion only upon a showing of (a) a material difference in law or fact that could not reasonably have been known to the moving party at the time of the original motion, (b) the emergence of new facts or a change of law occurring after the decision, or (c) a manifest failure of the court to consider material facts presented.  A motion for reconsideration is not an opportunity for the parties to raise an argument that could have, and should have, been raised earlier.  *See Daghlian v. Devry Univ. Inc.*, 582 F. Supp. 2d 1231, 1257 (C.D. Cal. 2008); *see also Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995) (Posner, J.) ("It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him.  Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.")


III.    Discussion

    A.      Was the Obligation to Assert a Compulsory Counterclaim Triggered in the Earlier Actions?

        The Motion for Reconsideration raises two important, yet conflicting, considerations:  (1) the United States' failure to raise many of the present arguments at the earlier Motion to Dismiss stage; and (2) the law on compulsory counterclaims.  Before addressing the latter, the Court takes a moment to comment on the former.

        1.      Failure to Raise Relevant Arguments

**O**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

In the original Motion to Dismiss, Defendants addressed the issue that the United States primarily focuses on in its present Motion for Reconsideration; that a CERCLA claim for contribution is not "substantive" and does not require the assertion of a compulsory counterclaim.  In fact, the Defendants argued:

> Under Rule 13(a), the term 'opposing party' is construed broadly.  Specifically, Ninth Circuit courts have squarely held that '[c]o-parties become opposing parties within the meaning of Fed. R. Civ. P. 13(a) after one such party pleads an initial cross-claim against the other.  [Citations omitted] . . . *Although this rule is not unlimited, it is clearly applicable in the present case because 'the initial cross-claim include[d] a substantive claim.*

*Opp'n*. 8:22-28 (emphasis added).  The United States wholly failed to address this argument in opposing the Motion to Dismiss.  "This alone would be grounds for denying [the United States'] motion, as the court ordinarily will not consider an issues raised for the first time when a party seeks reconsideration."  *Daghlian v. Devry Univ., Inc.*, 582 F. Supp. 2d 1231, 1257-58 (C.D. Cal. 2007); *see also United States v. Foreman,* 369 F.3d 776, 797 n. 12 (4th Cir.2004) (Gregory, J., concurring in part) (noting that it is a "well-established principle that arguments raised for the first time in a motion for reconsideration are generally deemed waived," and collecting cases); *Rosenfeld v. U.S. Dep't of Justice,* 57 F.3d 803, 811 (9th Cir.1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse," citing *Schanen v. Dep't of Justice,* 762 F.2d 805, 807, 808 (9th Cir.1985), modified on other grounds, 798 F.2d 348 (9th Cir.1985)); *Saunders v. Knight,* CV 04-5924 LJO WMW, 2007 WL 4258363, *1 (E.D.Cal. Dec.3, 2007) ("Reconsideration should not be used 'to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided,' " quoting *Brambles USA, Inc. v.*

**O**

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

*Blocker,* 735 F.Supp. 1239, 1240 (D.Del.1990)); *Summitt Investigative Serv., Inc. v. Herman,* 34 F.Supp.2d 16, 26-27 (D.D.C.1998) ("Furthermore, it is a cardinal tenet of federal-civil practice that a court-trial or appellate-will not consider matters raised for the first time in a motion for reconsideration" (collecting cases)).

Although the United States did everything in its power to waive this argument, short of explicitly saying so, the interests of justice lead this Court to arrive at the correct conclusion. *See United States v. Smith*, 389 F.3d 944, 949 (9th Cir. 2004) (holding that a District Court has plenary authority to "reconsider its prior rulings so long as it retains jurisdiction over the case"), *cert. denied*, 544 U.S. 956, 125 S. Ct. 1721, 161 L. Ed. 2d 538 (2005). And while there is much merit to Defendants' argument that the United States must fairly play by the rules, no party's interests are served by a lengthy appeal on a discrete issue, only to later be told what the Court already knows. The Court has reexamined the case law and is persuaded that the United States' position is the correct one.

       2.      <u>Whether the United States' Claims were Compulsory in the Earlier Actions</u>

In the August 10, 2010 Order dismissing the United States' claims against the Defendants, the Court incorrectly stated that each Defendant was deemed to assert CERCLA Section 107(a) claims against the United States in the 2005 Colton Action. *See Order,* at 14. The Second CMO issued in that case, however, provided only that "[e]ach defendant (but *no cross-defendant*) is deemed to assert cross-claims under CERCLA sec. 107(a) for response costs, contribution and declaratory relief as applicable as against each separately represented defendant." *See RJN* , Ex. 11, at 231:1-7 (emphasis added). The United States was a cross-defendant as a result of PSI's cross-complaint for contribution and declaratory relief under CERCLA Section 113. *See RJN*, Ex. 7, at 160-64. Plainly, the deemed Section 107(a) claims

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

did not apply to the United States (named as the Department of Defense) as evidenced by both the Second CMO, and Goodrich and PSI's arguments on appeal of the 2005 Colton Action. *See Counterclaim Appeal*, 2010 WL 3006434, *1 n.2 (9th Cir. 2010) ("Both Goodrich and PSI agree that they asserted no cost recovery claims [under §107(a)] against the United States Department of Defense, which is therefore not a proper party to this appeal."). Though Defendants suggest that this is an immaterial oversight, *see Opp'n* at 2:7, the fact that the United States was subject only to claims under CERCLA Section 113 and not CERCLA Section 107(a) is dispositive.[3]

According to Federal Rule of Civil Procedure 13(a),

A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim: (A) arises out of the same transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction.

Fed. R. Civ. P. 13(a). "The Rule bars a party who failed to assert a compulsory counterclaim in one action from instituting a second action in which that counterclaim is the basis of the

[3] While a CERCLA Section 107(a) claim was clearly asserted against the United States in the consolidated 2004 Rialto and 2006 Colton actions, that case was dismissed voluntarily by the parties under Federal Rule of Civil Procedure 41(a)(2), and the Court treats it as if "it never had been filed." *See Cadkin v. Loose*, 569 F.3d 1142, 1149-50 (9th Cir. 2009) ("[W]e have squarely held waiver in one lawsuit does not carry over to a subsequent lawsuit following voluntary dismissal without prejudice under Rule 41(a)" and that voluntary dismissal "leaves the situation as if the action never had been filed.").

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

complaint." *Seattle Totems Hockey Club, Inc. v. Nat'l Hockey League*, 652 F.2d 854 (9th Cir. 1981) (citation omitted); *see also 3 Moore's Federal Practice*, § 13.14(1) (3d ed. 2009) ("Generally, the timing of a counterclaim and its classification as compulsory do not become vital until a second action is brought, in which the pleader attempts to raise a claim based on the same transaction or occurrence that was the basis of the first suit, and the opposing party moves to dismiss it as barred."). Vital to this case, however, is that a party to a cross-claim does not become an "opposing party" within the meaning of Rule 13(a)—thereby requiring the compulsory assertion of a counterclaim—unless the claim asserted is "substantive." *See Rainbow Mgmt. Group, Ltd. v. Atlantis Submarines Hawaii, L.P.*, 158 F.R.D. 656, 660 (D. Haw. 1994); *see also Paramount Aviation Corp. v. Agusta*, 178 F.3d 132, 146 n.11 (3d Cir. 1999), *cert. denied*, 528 U.S. 878, 120 S. Ct. 188, 145 L. Ed. 158 (1999); *Hall v. Gen. Motors Corp.*, 647 F.2d 175, 184 (D.C. Cir. 1980) (Ginsburg, J.); *Holmes v. MTD Products, Inc.*, No. CV 06-1527 SMS, 2009 WL 1118771, at *4 (E.D. Cal. April 27, 2009). A claim for contribution or indemnity is not a "substantive" claim triggering a defending party's Rule 13(a) compulsory-counterclaim obligation. *Rainbow Mgmt. Group*, 158 F.R.D. at 660; *Hall*, 647 F.2d at 184.

In this Circuit, the rule that only a "substantive" claim triggers a compulsory-counterclaim obligation comes from a District Court decision and has not been squarely addressed by the 9th Circuit Court of Appeals. *See id.* (District of Hawaii). The reasoning of *Rainbow Management* is persuasive and the Court follows it, as has the Third Circuit Court of Appeals, other district courts and federal practice treatises.[4] *See Paramount Aviation Corp.*, 178

---

[4] The Court also notes that, in their papers, the parties do not dispute that the rule, as stated by *Rainbow Management*, applies in this case. *See Mot.*3:8-11; *Opp'n* 8:17-28. At oral argument, however, the Goodrich Defendants took the position that *Rainbow Management* is not the law in this Circuit, based on their reading of *Mitchell v. CB Richard Ellis Long Term Disability Plan*,

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx)<br><br>**"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

F.3d at 146 n. 11; *Holmes*, 2009 WL 1118771, at *4; 6 Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Richard L. Marcus, *Federal Practice & Procedure* § 1404, n.28 (3d ed. 2010).  In fact, the *Rainbow Management* court based the rule, in part, on a D.C. Circuit Court of Appeals decision by then-Judge Ruth Bader Ginsburg.  In that case, Judge Ginsburg held that only "matured claims" can transform a cross-claim from ordinary to compulsory, and that "claims for contribution and indemnity contingent upon the outcome of another claim have not been placed in the compulsory category."  *Hall*, 647 F.2d at 184.  Stated another way, if Party A only asserts a contribution or indemnity cross-claim against Party B, then Party B has no obligation to assert an otherwise compulsory counterclaim it has against Party A.  *See Rainbow Mgmt. Group*, 158 F.R.D. at 660; *Hall*, 647 F.2d at 184.

With this rule in mind, the Court considers whether PSI's CERCLA Section 113(a) claim against the United States in the 2005 Colton action was "substantive".  The parties disagree about whether a claim for declaratory relief and contribution under CERCLA Section 113 is substantive.  *Compare Mot.* 2:18-21 ("Only a substantive claim (not contribution or implied

---

611 F.3d 1192 (9th Cir. 2010).  The Court does not interpret *Mitchell* as the Goodrich Defendants do.  While the Ninth Circuit, in dicta, did say that the cross-defendant in that case should have asserted compulsory counterclaims based on a cross-claim for indemnity, the court's *holding* was that the district court did not err in failing to address an issue not before it.  *See Mitchell*, 611 F.3d at 1201 (Holding that the appealing party "cannot now complain that the district court failed to resolve a claim that was not even before it," and, "[b]ecause [cross-defendant] failed to assert a cross-claim against [cross-complainant] for indemnification, the district court did not err by failing to address such a claim.").  It is not clear that the Ninth Circuit considered *Rainbow Management* or the law it applied, and this Court is hesitant to read a hard and fast rule into dicta that had little, if not no, relevance to the Ninth Circuit's decision.

**O**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx) | Date | November 2, 2010 |
|---|---|---|---|
| | **"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | | |
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

indemnity) such as a claim under Section 107 of CERCLA … makes a co-party defendant an "opposing party" within the language of Rule 13, requiring the assertion of a compulsory counterclaim.") *with Opp'n* 9:11 ("CERCLA Section 113 claims are substantive federal statutory claims." (emphasis removed)).  Based on the language in CERCLA and relevant Supreme Court opinions, the Court finds that a claim for contribution under Section 113(f) is no different from ordinary contribution claims and thus does not trigger a defending party's Rule 13(a) compulsory-counterclaim obligation.

> Section 113(f) of CERCLA states:

> Any person may seek contribution from any other person who is liable or potentially liable under section [107(a)] of this title, during or following any civil action under section [106] of this title or under section [107(a)] of this title.  Such claims shall be brought in accordance with this section and the Federal Rules of Civil Procedure, and shall be governed by Federal law.  In resolving contribution claims, the court may allocate response costs among liable parties using such equitable facts as the court determines are appropriate.

42 U.S.C. § 9613(f).  In *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004), the Supreme Court interpreted Section 113(f) to allow for contribution claims only "'during or following' a civil action under [CERCLA] § 106 or 107(a)."  543 U.S. at 168, 125 S. Ct. 577, 160 L. Ed. 2d 548.  The Court also indicated that after CERCLA was amended by the Superfund Amendments and Reauthorization Act of 1986, "CERCLA provided for a right to cost recovery in certain circumstances, § 107(a), and separate rights to contribution in other circumstances, §§ 113(f)(1), 113(f)(3)(B)."  *Id.* at 163.  Defendants take this to mean that a claim for contribution under CERCLA Section 113 is a substantive claim—different from other contribution

**O**

## UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx)<br><br>**"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

claims—because once a lawsuit has started or finished, the conditions for CERCLA contribution have been satisfied and "the claim is no longer dependent or contingent." *Opp'n.* 9:22-23.

Defendants' arguments overlook later Section 113(f) developments in the Supreme Court. In *United States v. Atlantic Research Corporation*, the Supreme Court recognized its earlier *Cooper Industries* decision and maintained that "§§ 107(a) and 113(f) provide two 'clearly distinct' remedies." 551 U.S. 128, 138, 127 S. Ct. 2331, 168 L. Ed. 2d 28 (2007) (citing *Cooper Indus.*, 543 U.S. at 163, n.3). Nevertheless, the Court went on and held that "[n]othing in § 113(f) suggests that Congress used the term 'contribution' in anything other than [its] traditional sense," and traditionally, "[c]ontribution is defined as the 'tortfeasor's right to collect from others responsible for the same tort after the tortfeasor has paid more than his or her proportionate share, the shares being determined as a percentage of fault.'" *Id.* (citing Black's Law Dictionary 353 (8th ed. 2004)). Critical to this case, Section 113(f) contribution is "contingent upon an inequitable distribution of common liability among liable parties." *Id.* at 139.

Like traditional contribution, the recipe for CERCLA Section 113(f) contribution includes liability as a necessary ingredient. *Id.* Defendants' argument that the conditions for CERCLA contribution are satisfied merely by the commencement or ending of a § 107(a) case overlooks the fact that contribution is contingent upon a finding that there are "others responsible for the same tort." *See id.* The Supreme Court held that the word contribution as used in CERCLA is no different from contribution as it is normally understood. *See Atl. Research*, 551 U.S. at 138. It must follow that a claim for contribution under CERCLA is not a "substantive" claim for purposes of Rule 13(a) compulsory counterclaims. *See Rainbow Mgmt. Group*, 158 F.R.D. at 660 ("Co-parties become opposing parties within the meaning of Fed. R. Civ. P. 13(a) after one such party pleads an initial cross-claim against the other . . . this rule [is] limited to situations in

**O**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

**#497**

| Case No. | EDCV 09-1864 PSG (Ssx)<br><br>**"CONSOLIDATED ACTIONS":**<br>CV 09-6630-PSG (SSx)<br>CV 09-6632-PSG (SSx)<br>CV 09-7501-PSG (SSx)<br>CV 09-7508-PSG (SSx)<br>CV10-824-PSG (SSx) | Date | November 2, 2010 |
|---|---|---|---|
| Title | City of Colton v. American Promotional Events, Inc.<br>Goodrich Corporation v. Chung Ming Wong, et Al.<br>County of San Bernardino, et al. v Tung Chun Company, et al.<br>City of Rialto, et al. v. United States Department of Defense, et al.<br>Emhart Industries, Inc. v. American Promotional Events, Inc.-west, et al.<br>United States of America v. Goodrich Corp., et al. | | |

which the initial cross-claim includes a substantive claim (as opposed to merely a claim for contribution and indemnity).")  The United States, therefore, was not required to include the claims it now seeks to assert as compulsory counterclaims in the 2005 Colton action.  The Court erred by dismissing the United States' claims in the August 10, 2010 Order and modifies it accordingly.

IV.    Conclusion

    Based on the foregoing, the Court GRANTS the United States' Motion for Reconsideration.

    **IT IS SO ORDERED.**